EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.H., | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND JURY DEMAND** |
| vs. | |
| UNITED STATES OF AMERICA; RAY GARCIA, in his individual capacity. | |
| Defendants. | |

**INTRODUCTION**

1. S.H. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly five years.

2. While housed at FCI Dublin, S.H. faced constant sexual harassment, culminating in multiple instances of sexual abuse and long-lasting traumatization.

///

///

## JURISDICTION AND VENUE

3. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

4. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff S.H. will be filing an administrative motion to relate this case to those other cases.

## PARTIES

7. Plaintiff S.H. was at all times relevant here incarcerated in FCI Dublin.

8. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin is a federal female low-security correctional institution.

9. Defendant Ray Garcia was the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

10. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff S.H. Plaintiff S.H. was dependent upon Defendant United States for her personal security and necessities.

11. In performing the acts and/or omissions contained herein, Defendant Garcia acted under color of federal law, and Plaintiff S.H. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff S.H. Each knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff S.H. and to her

constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Garcia failed to take steps to protect Plaintiff S.H. and to ensure her rights to safety from sexual abuse.

**FACTS**

12. From 2014 through February 2, 2019, Plaintiff S.H. was incarcerated at FCI Dublin.

13. During that time, Plaintiff S.H. became intimately familiar with why it was known as "the Rape Club".

14. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

15. At some point in 2017 or 2018, Officer Nicholas Theodore Ramos, now deceased, began making sexual advances towards Plaintiff S.H.

16. He told her that he wanted to have sex with her and asked her questions about her genitalia.

17. During this same time period in 2017 or 2018, Officer Ramos grabbed Plaintiff S.H. and pulled her into the utility closet, where he then forcibly kissed her against her will.

18. He again sexually abused Plaintiff S.H. between 2018 and 2019, when he forced Plaintiff S.H. into the utility closet and forced her to touch his penis and manually masturbate him.

19. Plaintiff S.H. was too terrified to report the assaults and harassment for fear of retaliation.

20. Plaintiff S.H. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

21. Furthermore, once Plaintiff S.H. started trying to stay away from Officer Ramos, he began targeting her for retaliation.

22. He started tearing up her room, ransacking her friends' rooms, and stopping her in the hallway, where he would conduct unnecessary and sexually aggressive strip searches.

23. If Plaintiff S.H. was wearing sweatpants with shorts underneath, he would order her to take the sweatpants off so that he could see her buttocks and legs.

24. Plaintiff S.H. felt as if this retaliation caused her to live in hell.

25. She was constantly terrified.

26. Officer Ramos' conduct towards Plaintiff S.H. and others was overt and obvious.

27. Defendant Garcia, acting as both the Warden of FCI Dublin and the PREA Coordinator, owed a duty to the prisoners in his custody to protect them from sexual violence.

28. Defendant Garcia knew, or should have known, that Officer Ramos was sexually abusing Plaintiff S.H.

29. Plaintiff S.H. lived in fear of Officer Ramos and experienced great anxiety, fear, shame, and embarrassment over what he did to her.

30. She never felt safe at FCI Dublin.

31. Plaintiff S.H. was in BOP custody until February 2, 2019, then on supervised release until December 13, 2023, at which point she returned to BOP custody.

## EXHAUSTION

32. On March 20, 2025, Plaintiff S.H., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

33. The BOP acknowledged receipt on April 4, 2025.

34. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

35. Plaintiff S.H. is entitled to equitable tolling for her FTCA Claim acknowledged by the BOP on April 4, 2025.

36. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

37. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

38. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue claim).

39. Plaintiff S.H. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

40. Because Plaintiff S.H. remained incarcerated within the BOP until February 2, 2019, then on supervised release until December 13, 2023, and then returned to BOP custody at that point, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

41. A court-appointed Special Master confirmed that during the time of Plaintiff S.H.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place," and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

42. Plaintiff S.H. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

43. Plaintiff S.H. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge

44. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff S.H.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

45. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

46. Plaintiff S.H. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendant Garcia and Ramos.

47. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

48. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

49. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

50. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

51. Ramos discriminated against Plaintiff S.H. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

52. Defendant Garcia discriminated against Plaintiff S.H. based on her gender when he repeatedly ignored overt and obvious sexual abuse.

53. By these acts, Ramos caused Plaintiff S.H. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant Garcia)**
**(FTCA; Cal. Civ. Code § 52.4)**

54. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

55. Plaintiff S.H. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Garcia.

56. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

57. His position as a warden was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

58. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

59. Plaintiff has a nonfrivolous argument that Defendant Garcia bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

60. Defendant Garcia discriminated against Plaintiff S.H. based on her gender when he repeatedly ignored overt and obvious sexual abuse.

61. By these acts and omissions, Defendant Garcia caused Plaintiff S.H. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

62. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

63. Plaintiff S.H. brings this claim for sexual assault under the Federal Tort Claims Act for violation of rights secured by California common law against the United States based on the conduct of its employee, Officer Ramos.

64. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

65. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

66. Officer Ramos violated Plaintiff S.H.'s right to be free from fear of imminent sexual abuse by repeatedly sexually abusing her while she was incarcerated.

67. Officer Ramos' sexual abuse of Plaintiff S.H. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

68. Officer Ramos subjected Plaintiff S.H. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.H.'s person.

69. By intentionally subjecting Plaintiff S.H. to sexual acts, Officer Ramos acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

70. By repeatedly subjecting Plaintiff S.H. to sexual acts, Officer Ramos caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

71. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

72. Plaintiff S.H. brings this claim for sexual battery under the Federal Tort Claims Act based on Cal. Civ. Code § 1708.5 against the United States for the conduct of its employee, Officer Ramos.

73. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

74. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

75. Officer Ramos committed sexual battery against Plaintiff S.H. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

76. The sexual abuse of Plaintiff S.H., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

77. Officer Ramos subjected Plaintiff S.H. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.H.'s person.

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

78. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

79. Plaintiff S.H. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Officer Ramos.

80. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

81. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

82. Officer Ramos engaged in outrageous conduct by repeatedly subjecting Plaintiff S.H. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff S.H. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

83. Officer Ramos' sexual abuse caused Plaintiff S.H. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

84. Officer Ramos intended to cause Plaintiff S.H. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

///
///
///

**SIXTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant Garcia)**
**(California Common Law)**

85. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

86. Plaintiff S.H. brings this claim for the intentional infliction of emotional distress against Defendant Garcia.

87. Defendant Garcia engaged in outrageous conduct by failing to perform his job responsibilities and disregarding obvious signs of sexual abuse occurring under his watch while Plaintiff S.H. was incarcerated in his employer's custody. He abused his authority over Plaintiff S.H. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

88. Defendant Garcia's intentional disregard of sexual abuse caused Plaintiff S.H. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

89. Defendant Garcia intended to cause Plaintiff S.H. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

**SEVENTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

90. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

91. Plaintiff S.H. was in the custody and control of the United States during all relevant times.

92. Defendant Garcia violated Plaintiff S.H.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth

Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

93. Defendant United States, by the actions of its employees Ramos and Garcia, interfered with Plaintiff S.H.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

94. As a proximate result of these acts, Plaintiff S.H. sustained damage and injury.

**EIGHTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

95. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Officer Ramos knowingly recruited, enticed, and solicited Plaintiff S.H. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

97. Officer Ramos made Plaintiff S.H. engage in sex acts through force and coercion.

98. Defendants Garcia and the United States knew of, or should have reasonably known, that Officer Ramos was soliciting Plaintiff S.H. in exchange for sex acts, and benefited by failing to protect Plaintiff S.H.

99. This conduct has caused Plaintiff S.H. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**NINTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

100. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

101. Officer Ramos knowingly recruited, enticed, and solicited Plaintiff S.H. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

102. Officer Ramos made Plaintiff S.H. engage in sex acts through force and coercion.

103. Defendant Garcia knew or should have known that Officer Ramos was engaged in these activities and intentionally placed Plaintiff S.H. at greater risk of harm and/or failed to act in a manner that protected Plaintiff S.H. from harm.

104. Defendant United States employed Officer Ramos and Defendant Garcia, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

105. This conduct has caused Plaintiff S.H. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant Garcia)**
**(Cal. Civ. Code § 52.5)**

106. Plaintiff S.H. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

107. Officer Ramos knowingly recruited, enticed, and solicited Plaintiff S.H. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

108. Officer Ramos made Plaintiff S.H. engage in sex acts through force and coercion.

109. Defendant Garcia knew or should have known that Officer Ramos was engaged in these activities and intentionally placed Plaintiff S.H. in greater risk of harm and/or failed to act in a manner that protected Plaintiff S.H. from harm.

110. This conduct has caused Plaintiff S.H. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

///
///
///

## PRAYER FOR RELIEF

111. Plaintiff S.H. prays for judgment against Defendant, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff S.H. in an amount to be determined at trial;

(b) An award to Plaintiff S.H. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c) For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff S.H. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 7, 2025

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
EmilyRose Johns

THE LAW OFFICE OF DEBORAH M. GOLDEN

By: /s/ *Deborah M. Golden*
Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*